IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION
5:07CV100-MU-02

| | |
|---|---|
| RANDY D. BRYANT, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | O R D E R |
| ) | |
| KEITH WHITENER, Supt. of Alex-) | |
| ander Correctional Institu- ) | |
| tion, et al., ) | |
| ) | |
| Defendants. ) | |

**THIS MATTER** comes before the Court on initial review of the plaintiff's form-civil rights Complaint under 42 U.S.C. §1983, filed September 11, 2007. For the reasons stated herein, this Complaint will be dismissed with prejudice, ultimately for the plaintiff's failure to state a constitutional claim for relief therein.

The plaintiff's Complaint is fairly difficult to decipher. However, as best as can be understood, the plaintiff has filed this civil rights action on the basis of his beliefs that he was subjected to negligent medical treatment by a private physician on several occasions; and that certain employees of the Alexander Correctional Institution deliberately were indifferent to his serious medical needs on another occasion.

As to his first claim, the plaintiff alleges that on dates

in January, March and June, 2007, a surgeon (whom the plaintiff did not even bother to name as a defendant to this action), somehow negligently performed certain procedures to remove his fistula, and those procedures failed.  However, the plaintiff does not ask for any damages in connection with this allegation, but merely requests that the Court look into the matter for him.

As to his second claim, the plaintiff alleges that on or about June 28, 2007, while he was taking a shower, he became dizzy and lightheaded, and he fell.  The plaintiff alleges that he injured his chin in the fall and, after being bandaged by defendant Nurse Cook, she told him that he would need stitches for his wound.

The plaintiff further alleges that defendant Orosco subsequently asked him about the incident, placed him in a wheelchair, and then took him to the main medical unit for additional medical attention.  Last, the plaintiff alleges that defendant Whitener, as the Superintendent of the prison, should have ensured that he was taken to the hospital for stitches, but failed to do so.

Interestingly, however, the plaintiff did not bother to allege that defendant Whitener was aware of this incident.  Nor did the plaintiff bother to explain how either defendants Cook or Orosco deliberately were indifferent to him.  Equally critically, the plaintiff did not even set forth an allegation against defendant Shellings, also listed as a defendant in the case's caption.

Notwithstanding the legal deficiencies of this second claim, the plaintiff asks the Court to investigate his allegations; and to award him $75,000 in damages "or send [him] home soon" because he "ha[s] learn[ed his] lesson."

Suffice it to say, however, the plaintiff's Complaint cannot prevail. To be sure, concerning his first claim, it is well settled that even if the plaintiff had made the effort to name a defendant, allegations of mere negligence simply are not cognizable in civil rights actions such as these. See Estelle v. Gamble, 429 U.S. 97, 105-06 (1976) (mere malpractice or negligence in diagnosis or treatment does not state a constitutional claim); and Miltier v. Beor, 896 F.2d 848 (1990) (generally, mere negligence does not violate the Eighth Amendment).

Furthermore, concerning his second claim, the petitioner candidly admitted in his attachments that he had not fully exhausted that claim. Specifically, the plaintiff explained that although he had filed a grievance complaining about the matters in his second claim, that grievance was returned to him because he already was in the process of grieving another situation. Ordinarily, then, such a claim would be subject to dismissal, without prejudice, for the plaintiff's failure to exhaust his administrative remedies as required under 42 U.S.C. §1997(e). See also Booth v. Churner, 532 U.S. 731 (2001) (noting dismissal appropriate for unexhausted claims).

However, Paragraph (2) of §1997e(c) actually allows this Court to dismiss allegations which are frivolous or fail to state a claim for relief "without first requiring the exhaustion of administrative remedies" on those matters. Therefore, notwithstanding the plaintiff's admitted failure to exhaust his remedies for his second claim, the Court still will dismiss that claim because the plaintiff cannot, in any event, state a claim for relief by it.

**NOW, THEREFORE, IT IS ORDERED THAT:**

1. The plaintiff's Complaint is **DISMISSED with prejudice** for his failure to state a constitutional claim for relief therein. <u>See</u> 28 U.S.C. §1915A(b)(1); <u>and</u> 42 U.S.C. §1997e(c)(2).

**SO ORDERED.**

Signed: September 17, 2007

Graham C. Mullen
United States District Judge